UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LESTER NASH,

                         Plaintiff,

       vs.                                                           8:08-CV-541
                                                                     (NAM/DEP)

THE VILLAGE OF ENDICOTT, THE ENDICOTT
POLICE DEPT., DWAYNE J. SMITH (Police Officer),
JENNIFER QUINN (Police Officer), MICHAEL
KAMINSKY (Detective Sgt.), MICHAEL SCULLY
(Detective), CRAIG WILLIAMS (Detective Lt.); and
S.F. CARPENTER (Detective); in both their official
and their individual capacities,

                         Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

LESTER NASH
*Plaintiff Pro Se*
07-B-1788
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

SHANTZ & BELKIN                                   M. Randolph Belkin, Esq.
*Attorneys for Defendants Village of Endicott*
 *and Endicott Police Dept.*
26 Century Hill Drive, Suite 202
Latham, New York 12210

THE TUTTLE LAW FIRM                               James B. Tuttle, Esq.
*Attorneys for the Individual Defendants*
10 Century Hill Dr., Suite 4
Latham, New York 12110

Norman A. Mordue, Chief U.S. District Judge

MEMORANDUM-DECISION and ORDER

I.      INTRODUCTION

This Court issued a Memorandum-Decision and Order concerning defendants' motions for summary judgment on September 22, 2010, which denied in part and granted in part the requested relief.  The Court noted in said Memorandum-Decision and Order that plaintiff had failed to file opposition papers to defendants' motions, which fact was incorrect.  Indeed, it appears that plaintiff filed a reply affidavit and other materials in opposition to defendants' motions on January 4, 2010.  The Court will now address plaintiff's opposing evidence insofar as it pertains to the previously granted relief.

II.      DISCUSSION

Plaintiff asserts in his affidavit that defendant Officer Smith had no probable cause to believe Nash was violating any traffic laws when he stopped Nash on October 18, 2005, at approximately 6:46 p.m..  Plaintiff takes issue with the evidence submitted by defendants in support of their claim that plaintiff was operating his vehicle without headlights more than one half hour after sunset as averred by Officer Smith.  To wit, plaintiff argues that the chart submitted by defendants indicating the official time of the sunset in New York City on October 18, 2005, was 6:12 p.m. is not reliable since the chart states all information contained therein is "believed to be correct, but is not guaranteed."  Even assuming that the chart is not accurate, the fact remains that Officer Smith submitted an affidavit in which he states he stopped plaintiff for operating a motor vehicle more than a half hour after sunset with no headlights.  It is clear that the chart was submitted merely in support of Officer Smith's affirmation.  Notably, plaintiff does not deny Officer Smith's statement in his opposing papers nor does he claim affirmatively that: 1) it was not more than one half hour after sunset when he was stopped; or 2) his headlights were on at

the time of the stop.  Based thereupon, there is nothing in plaintiff's opposition papers which alters the Court's determination that probable cause existed to stop plaintiff's vehicle on the date in question and that there is no evidence that defendant Officer Smith was motivated by racial animus in stopping plaintiff.

Plaintiff also asserts in his affidavit that he did not consent to the police search of his vehicle after he was taken into custody by the police.  Based thereupon, plaintiff alleges that the search of his vehicle was illegal and the evidence derived as a result of the illegal search is admissible against him.  However, as noted previously by this Court, based on plaintiff's prior conviction for aggravated unlicensed operation of a motor vehicle, Officer Smith had probable cause to charge him with aggravated unlicensed operation of a motor vehicle in the second degree and impound his vehicle.  The subsequent "search" conducted by police was not a search for evidence in the first instance inasmuch as Officer Quinn was required to conduct an impound inventory of the vehicle's contents.  Moreover, according to Officer Smith, plaintiff admitted there was marijuana inside the vehicle prior to Officer Quinn conducting the impound inventory which provided probable cause for a search in any event.  Notably, plaintiff does not deny making this statement to Officer Smith in his affidavit.  Consequently, plaintiff's opposing papers does not alter the Court's previous determination about the legality of the search of plaintiff's vehicle.

Plaintiff also makes the conclusory claims that the search that took place at his home subsequent to the traffic stop and seizure of marijuana from the vehicle was unlawful.  However, it was well established by defendants in the previously reviewed motion papers that the search that occurred at plaintiff's residence occurred via a search warrant.  Plaintiff asserts no facts or

evidence which suggests the search warrant was defective or obtained improperly.  Thus, his

conclusory allegations concerning the illegal search of his home do not alter the Court's previous

determination regarding defendants' entitlement to summary judgment on plaintiff's unlawful

search claims.

Plaintiff attaches to his opposing affidavit copies of two orders issued by Broome County

Judge Michael E. Daley which dismissed the indictments arising out of the circumstances of this

case.  The two orders indicate that the district attorney's office had moved for dismissal on the

grounds that: 1) the evidence seized "pursuant to the search warrant would necessarily be

suppressed as the search warrant was not supported by probable cause;" and 2) the evidence

presented to the grand Jury was insufficient to support the charges.  Based upon the People's

motion and the court having agreed with the People's assessment, Judge Daley granted the

requested relief.  The state court orders, however, are not preclusive of this Court's determination

on the record herein that defendants had probable cause to search plaintiff's home based on the

warrants obtained.  Review of the record at bar reveals no suggestion, much less evidence, that

said search warrants were not based on probable cause.  Moreover, that the district attorney's

office made a determination in the prior criminal proceedings to concede the alleged illegality of

the search warrants is not dispositive of the rights of the individual defendant officers as well as

the right of the County defendant - none of whom were parties to the criminal cases - to litigate

this issue on their own accord.  Based thereupon, this Court is not collaterally estopped from

making a determination concerning the existence of probable cause for the search warrants.  *See*

*Smith v. Fields*, 2002 WL 342620, *1 (S.D.N.Y.,2002); *Schwartz v. Pub. Adm'r of Bronx*, 24

N.Y.2d 65, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (1969) (under New York law two requirements must first be satisfied before doctrine of collateral estoppel may be applied-(1) there must be an identity of issues which were necessarily decided in the prior action and (2) the party precluded from litigating the issue must have had a full and fair opportunity to contest the prior determination.).

Plaintiff's opposing affidavit is replete with conclusory allegations concerning fabricated evidence, violation of due process and other constitutional rights, and the liability of the Village of Endicott and its Police Department for the actions of the defendant officers.  Short of these vague assertions bereft of factual support, plaintiff has not submitted any cognizable support for his claim that defendants were not entitled to summary judgment on all but the ninth cause of action.  Consequently, after having reviewed plaintiff's opposing papers, the Court finds that modification of its prior determination concerning defendants' motion is unwarranted.

IV.    CONCLUSION

Based on the foregoing, plaintiff's request for consideration of his opposing papers is GRANTED while his request to alter or amend the Court's previous determination concerning defendants' entitlement to summary judgment is DENIED.

IT IS SO ORDERED.

Date: May 13, 2011

Norman A. Mordue
Chief United States District Court Judge

5