UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
————————————————————

LESTER NASH,

                Plaintiff,

  vs.                                               5:08-CV-541
                                                  (NAM/ATB)

THE VILLAGE OF ENDICOTT; THE ENDICOTT
POLICE DEPT.; DWAYNE J. SMITH (Police Officer);
JENNIFER QUINN (Police Officer); MICHAEL
KAMINSKY (Detective Sgt.); MICHAEL SCULLY
(Detective); CRAIG WILLIAMS (Detective Lt.); and
S.F. CARPENTER (Detective); in both their official
and their individual capacities,

                Defendants.
————————————————————

APPEARANCES:                                OF COUNSEL:

LESTER NASH
07-B-1788
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
*Plaintiff Pro Se*

SHANTZ & BELKIN                         M. Randolph Belkin, Esq.
26 Century Hill Drive, Suite 202
Latham, New York 12210
*Attorney for Defendants Village of Endicott*
*and Endicott Police Dept.*

THE TUTTLE LAW FIRM                James B. Tuttle, Esq.
10 Century Hill Dr., Suite 4
Latham, New York 12110
*Attorney for the Individual Defendants*

**Norman A. Mordue, U.S. District Judge**

                             MEMORANDUM-DECISION and ORDER

I.       INTRODUCTION

This Court issued a Memorandum-Decision and Order concerning defendants' motions for summary judgment on September 22, 2010, (Dkt. # 50) which denied in part and granted in part the requested relief. The Court's previous decision dismissed all but one of plaintiff's claims, the ninth cause of action based on alleged abuse of process by defendants in charging and prosecuting plaintiff with criminal possession of a controlled substance in the third degree. Defendants now renew their motion for summary judgment on this remaining claim in the complaint. Plaintiff opposes defendants' motion.

II.     DISCUSSION

The Court assumes the parties' familiarity with the facts and procedural history in this matter. As referenced in the Court's previous Memorandum-Decision and Order, plaintiff was charged with possession of a controlled substance in the third degree which requires proof of intent to sell. Defendants failed to present proof in admissible form in their prior motion that at the time plaintiff was arrested they had probable cause to believe he had intent to sell the crack cocaine they found in his possession. Upon review of defendants' renewed motion papers, the Court finds the affidavit submitted by Sergeant Kaminsky, now retired from the Village of Endicott Police Department, is notable for a number of pertinent facts. Sergeant Kaminsky stated that he was heavily involved in the investigation that led to plaintiff's arrest as well as in the in investigation of plaintiff's girlfriend's drug selling activities. Sergeant Kaminsky applied for and obtained three separate search warrants in the course of his investigation into plaintiff's suspected involvement in drug trafficking. Plaintiff and his girlfriend also had lengthy criminal histories, including drug charges which the police department took into account in conducting their

investigation. On the date of his arrest, however, Sergeant Kaminsky stated that plaintiff was found in possession of an eighth of an ounce of crack cocaine which was "individually packed," consistent with intent to sell. Kaminsky also averred that plaintiff had eight cell phones counting those found in his apartment, his car and on his person, consistent with someone engaged in drug trafficking activities. Finally, Sergeant Kaminsky referred to the results of a garbage search carried out on the same day plaintiff was arrested. The warrant was executed by the Village of Endicott Police Department at plaintiff's apartment and yielded a marijuana roach/blunt which had a positive field test for marijuana as well as packaging materials for narcotics. These facts are more than sufficient to establish that plaintiff intended to sell the drugs he was indisputably in possession of at the time of his arrest on November 17, 2005. Moreover, although plaintiff has submitted an affidavit which attempts to rehash the facts which led to dismissal of the underlying criminal charges against him, he does not address the issue of whether defendants had probable cause to charge and prosecute him for the crime of criminal possession of a controlled substance in the third degree in the first instance. Based thereupon, defendants' motion for summary judgment on plaintiff's ninth cause of action must be granted.

III. CONCLUSION

Based on the foregoing, defendants' second motion for summary judgment (Dkt. # 62) dismissing plaintiff's complaint is GRANTED.

IT IS SO ORDERED.

Date: February 24, 2012

Honorable Norman A. Mordue
U.S. District Judge

3